■ In the Matter of the Claim of HYMAN GERSHUNY, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— HERLIHY, J. P. The claimant appeals from decisions of the Unemployment Insurance Appeal Board denying benefits. The claimant, a lawyer and former State employee, received unemployment insurance benefits from February, 1963 until May of the same year. At an interview on May 22, he admitted that since March 1 he had opened an office for the practice of law and for which he paid rent; that the telephone was listed in his name as an attorney; that a similar sign was on the office window and that during this period he had drawn wills and otherwise practiced his profession. Accordingly, following a hearing the Referee determined that the said claimant had not been totally unemployed since March 1 and that he had been overpaid $512.50, which was recoverable. The board thereafter affirmed the decision. The claimant, before the board and on this appeal, contends that during the period in question he was regularly seeking employment and that his law practice was only incidental to finding full employment. Section 591 of the Labor Law provides that "Benefits shall be paid only to a claimant who is totally unemployed". Section 522 of the same law states: "'Total unemployment' means the total lack of any employment on any day." The present record sustains the board's finding that during the period in question the claimant was not totally unemployed and the further decision of the board which determined that the claimant was ineligible effective June 18, 1963 on the ground that he was not totally unemployed, the Referee having determined that he had a law office from June 18 to July 11 and that upon vacating his law office on July 11, he continued his law practice from his own home. (Matter of Carasso [Catherwood], 23 A D 2d 935; Matter of Newman [Catherwood], 24 A D 2d 1042.) Decisions affirmed. without costs. Reynolds, Aulisi and Staley, Jr., JJ., concur; Taylor, J., not voting.